All right, good morning. Initially, I just want to explain, Justice Brennan is a member of the panel. He has read the briefs, fully participated. He had a death in the family. So that's the reason he's not here today. And obviously, these arguments are recorded. He will listen to them probably within the next few days, once he's through with his family matters. OK, Madam Clerk, would you please call the next case? 314-0690, the people of the city of Illinois at the youth violence at Wood v. Kiana Harvey O'Connor by Leda Asiri-Raina. Asiri-Raina, are you ready? I hope I didn't butcher that too bad. Yes, Your Honor. You may proceed. May it please the Court. Good morning, Your Honors, Counsel. My name is Vaibhavi Asiri-Raina. I'm an Assistant Appellate Defender with the Office of the State Appellate Defender, representing the defendant, Mrs. Harvey. To start off, I'm respectfully asking this court to reverse defendant's conviction for criminal sexual abuse, because the state failed to prove force beyond a reasonable doubt, which is an essential element of the offense. A couple of facts to start off with. Mary Pruitt, the victim, was out with her friends. She was wearing a dress, no underwear, and dancing when the defendant approached her from behind and stuck a finger into her vagina. There were a couple of other things that happened after that, but that's not relevant to this case. Because of what had happened, the defendant was charged with criminal sexual abuse under Section A1 of the statute. Under A1, the state has to prove that the defendant committed an act of sexual conduct by the use of force or threat force. So force is using violence, or the threat of violence, or physically overcoming the victim or restraining them. Critically, force is not anything that's inherent to the sexual conduct. There has to be something more. Also, you cannot prove force by just proving simply that the victim did not consent. There has to be some other action. Here, there's no evidence of force. In the trial court below, the state even concedes a defendant didn't spread Mary's legs and push her up against the wall, she didn't use any weapons or anything like that. Actually, the state argued below that the penetration is enough to show force. But as we know, the force has to be more than what's inherent to the sexual conduct. In response, in this appeal, the state sets forth a twofold argument. First, the state argues that there's applied force here, there's price, and it cites People v. Borak for that proposition. People v. Borak dealt with a case where a victim was at a doctor's appointment. She had given limited consent for a gynecologist to touch her because it's a gynecology appointment. That doctor took advantage of that limited consent and did criminal sexual acts against her. And while the Borak court uses the term force, it's very clear through the text that they're really talking about consent. They talk about different examples, such as when a woman is unconscious and someone commits sexual acts against her and she's unable to consent because she's unconscious. And the court really has concerns in that case that because of the power dynamics with the medical professional and because there is some limited consent by being in a doctor's office, that the victim doesn't have an opportunity to consent. And so it's very clear that Borak is very much about consent. That case was decided 53 years ago. Since then, the criminal sexual abuse statute was enacted. And it's very clear that the legislature has created different avenues to support a conviction where there's issues with consent. So there's section A-2. A-2 is primarily focused on consent. Whereas A-1, which the defendant was charged under, is about force. And it's really clear that Borak applies specifically to A-2 based on the definition the legislature provided for unable to give knowing consent, where it specifically highlights situations where there's a client or a patient that accuses a healthcare provider of committing criminal sexual acts against her by essentially abusing the limited consent that she gives by being in that situation. And so it's clear Borak applies to A-2, not A-1. And I would just like to highlight again that you cannot show force by merely showing that the victim did not consent. So even though the defendant may have surprised Mary by her conduct, that's not enough to show force. There needs to be something else. The state also attempts to apportion out two separate acts in this case. There's some evidence that the defendant admitted in a Facebook video that she had rubbed Mary's vagina, and then Mary testified that defendant had stuck her left finger in her vagina. So the state's saying, essentially, there's a rubbing and there's a penetration, and so this is enough to support a conviction of criminal sexual abuse under Section A-1. There's a couple of problems with this argument. Firstly, that the charging instrument only alleges touching, and the defendant was only charged with one count of criminal sexual abuse. The state's theory of the case below was essentially that the rubbing and the penetration were both enough, were both supporting the elements that defendant committed a criminal sexual act. Because the state, in their opening argument, or opening statement and closing argument, kind of talked about both acts interchangeably, and essentially, when summarizing the case, talked about both to say that defendant had committed a criminal sexual act, and so by trying to portion these out in the appeal, the state's essentially trying to change the theory of the case. And there's also some problems with this, because defendant was not provided notice in the trial court that she was gonna be charged with these acts separately. She didn't get an opportunity to cross-examine the victim, or provide any evidence on these acts as two separate things, instead of one ongoing act of sexual conduct, like the state treated it below. Even if the state is able to portion these out into two acts on this appeal, that's still not enough to support conviction of criminal sexual abuse. The statute's pretty clear that, under A1, the defendant has to use the force or threat of force to commit the act of sexual conduct. Essentially, the force has to be either before or contemporaneous to the act. If the rubbing is considered the sexual conduct, and the penetration is the force, that essentially means that the force would be occurring after the act of sexual conduct, which is not enough to sustain a conviction of criminal sexual abuse. Essentially, this case all boils down to the fact that there's just no evidence of force here, and if your honors have no further questions, defendant would, again, like to reiterate her prayer of relief. She respectfully asks this court to vacate her conviction of criminal sexual abuse. Thank you. Does somebody have any questions? I have one, I think. Yes, your honor. Your initial comments seem to concede that there was penetration. My reading of the briefs was that it was a contested issue. Was it the penetration contested? No, your honor, there's some evidence of both. It was kind of treated, both acts were kind of treated together, and so there wasn't necessarily any contest on whether or not the penetration occurred, because they were using both acts to essentially show the sexual conduct, so it was enough for that. So a defense counsel didn't contest the penetration. Okay, and it doesn't matter in your theory. Yes. Your theory is to start, it's really one act, it's not two separate acts. Yes, your honor. Okay, thank you, I have no other questions. Thank you, your honors. Mr. Atwood. Good morning, your honors, counsel. May it please the court. My name is Nicholas Atwood, and I represent the people of the state of Illinois in this matter. The defendant's arguing that the people failed to prove her guilty beyond a reasonable doubt of criminal sexual abuse because they failed to prove the element of force in the commission of the sexual conduct. Illinois law is clear that sexual conduct is any knowing, touching, or fondling, and the use of force is interpreted very broadly. The law states that the use of force is any force that is not inherent in the act of sexual conduct itself. And as your honors have discussed, the state proved two separate acts of sexual conduct in this case. They proved that the defendant both rubbed the victim's vagina and digitally penetrated the victim's vagina. The charging instrument stated that the defendant used their hand to commit sexual contact when they touched the victim's vagina. And so this is not a case where due process is involved. This isn't two separate charging theories. In their closing argument and their opening statements, specifically in closing, page 462, 463, and then again on rebuttal in 484, the state's theory of the case was the digital penetration constituted the use of force, the touching of the vagina constituted the sexual conduct. While there may have been the state's discretion to charge two separate acts, they elected not to do so. And so when we're considering what is force, it's gotta be something more than the force inherent. The force inherent in rubbing the victim's vagina is not the same force that is used in digitally penetrating the victim. And when we're considering use of force, we're thinking about a very broad spectrum. It's case-by-case basis, and we're looking at was this person in some way physically restrained, were they in some way immobilized? And so the use of that digital penetration shocked and puzzled the victim, she said. She was immobilized with fear when the victim did that. And so because there are two separate acts as part of a continuous course of conduct, that would be required for any sexual, criminal sexual abuse case. You've gotta have multiple acts to separate what's inherent and what is not inherent. And so that was the state's underlying theory of the case. So your underlying theory is that sexual, the penetration was the force. The penetration was the force, because that was not inherent in the rubbing. It's two separate, it could be charged as sexual assault and sexual abuse if the state chose to do that. Illinois law recognized penetration is different from merely touching the body. Let me ask you about sexual assault then. That commits, that's under 11-1.20 of the statutes, as opposed to 1.50, A1 and A2. A person commits sexual assault when they commit an act of sexual penetration by force or threat. So if the act of penetration alone is not enough under that statute, must have act, you must have a threat of force. How is penetration alone used to force? Well, it's what has to be proven. It's the separate act. In criminal sexual assault, you have to prove penetration because that's required for that elevated felony charge. And you have to prove. And then you have to use force separate, because it can't be inherent. It can't be simply penetration. It has to be two separate acts. But you're suggesting that penetration equals use of force. I'm suggesting in the context of this, on a case-by-case basis, penetration can be force. It wasn't charged as penetration. It was just charged as using the hand committed. So there's very clear, like the way courts define acts, you know, it's an outward, overt manifestation. Rubbing and penetration are separate acts. If two separate acts were committed, that means that one of those acts is not inherent in the other act. The law recognizes them as separate. But nonetheless, penetration would not be used to force under assault statute. It can be under an assault statute, but that's- The mere fact of penetration. Because the assault statute requires a penetration and then it requires use of force. And it doesn't require it in the same context as in this criminal sexual abuse, because the act of penetration is a more violative act. That's why it's considered an assault. That's why it's charged with a higher felony. So when you're trying to prove the elements of the case, like you have to prove it as a separate act. Then so force was then used to commit that act, some other force. Force is very broad. Force can be bodily inertia. You know, that alone can be consistent here. And this case is sort of analogous to that. When you think about the fact, this victim is dancing in public. The defendant comes up from behind, surprises her, commits this act of penetration and rubs her vagina. Which were the defendant's own words. She said in the Facebook video that she both rubbed and put her fingers inside the victim's vagina. When you have someone penetrate you, you have been physically restrained. You have been prevented from any opportunity at consent, any opportunity to try to get away from that individual because you have been violated in that manner. Actually, she said I put my hand in her P word, correct? I believe so, yeah. Okay. For the sake of the victim, I didn't feel like it was necessary to use it, but that's what she said, Your Honor. Okay, thank you. So I mean, so the point of the argument there being like, penetration could have been charged separately on its own. The state elected not to do so, which it was within their discretion to do. That act of penetration is force. There's no question about that force is being used. That force is not inherent in abuse because all that was required was touching and fondling, and there was also an act of touching and fondling. So that was the state's theory of the case below. So the secondary issue that we raised alternatively was that the doctrine of implied force should apply in a case like this. And as counsel noted, typically, generally, those cases most often occur in a medical setting where you've got a victim that comes in, they're not expecting to be consenting to any type of sexual act, they're vulnerable, and through an element of surprise, a doctor violates them. And they're not in a position where force was required to be used. Now, there is no case that says implied force only applies in a medical context. When we're looking at these in a case-by-case basis, and we're analyzing... What do you say to counsel's argument that after Borak, the legislature's cleared it up and said, lack of consent is one issue. You can charge it that way. Or use of force is a different thing. It's a different animal. And it's one or the other, and it would appear, at least one would argue, that they cleared this up, that Borak would be an A2, and this was an A1 force. Borak was an A2 lack of consent. I recognize that the statute was amended later. I don't know if it was because of Borak or even because of these particular types of cases, but the legislature did consider A2 when they're talking about unknowing. It would, there is some overlap there. But it didn't say you must charge under A2. And the way I read force, when we're looking at them on a case-by-case basis, that same theory could apply in this context. There's nothing that excludes implied force from an application to A1. It just depends on the nature of those individual circumstances. And when you look at a case like Borak, when they're talking about element of surprise, no opportunity to consent, any type of resistance would be futile because you didn't have the opportunity to resist in the first place. Every single one of those same factors is present in this case. We have an individual who's out dancing with her friends. The defendant comes up from behind her and commits the criminal sexual abuse. She has no opportunity to resist. It would have been futile if she did because the act had already occurred. She was under surprise because she didn't know that the defendant was going to do that. The logic of that case holds up. Now, would it have been easier for the state to convict under A2? Probably, but the state didn't choose to elect under A2. But my argument is there is no law that says implied force cannot be applied in A1 and there's nothing that foreclosed that. Some of the cases defendants cited, well, one of the things defendants cited, the American Law Reports, because these types of cases were sorted under a heading that had to do with medical assaults. But the ALR, that's a self-perpetuating argument. The ALR is going to sort everything under that broad category because it's only looking for keywords within that particular case when it sorts it. That's why it's the least persuasive secondary source. It was probably an algorithm. As far as the other cases that cited, of course, they're going to cite Borak because it's directly on point. I'm just saying under the unique circumstances here where there's no other case that says you cannot use implied force to establish that element, the same logic and theory holds up. And so while it could have convicted under A2, it still applies to A1. And to date, there's nothing that says you cannot apply implied force to A1. And with that, do your honors have any further questions? Just pretending I have any questions. No, I don't either. All right, so the people would ask this court to affirm the defendant's conviction and sentence. Thank you. Yes, I'll count you five minutes of rebuttal. Thank you. I'm going to discuss the state's arguments related to Borak and also pushing out the acts. I'm gonna start with discussing pushing out the acts. Justice Pertani, you asked a question related to the criminal sexual assault statute. And I think it was important to note that under that statute, the defendant has to commit penetration and force. So there is some understanding by the legislature that force and penetration are not the same things. I'd also like to highlight that the state below used both the force and the penetration to argue that there was sexual conduct here. It may have just been able to use the rubbing, sorry, the rubbing and the penetration. It may have just been able to use the rubbing, but it chose to use both to argue that there was some criminal sexual act. And so the state can't use both of these and then go on to say that the penetration can also be used as force. And I would like to note again my argument that I said that even if the penetration can be forced, that would mean that the force would occur after the sexual act, which is just not enough to sustain under the criminal sexual abuse statute. Turning to Borak, Judge Peterson, you had noted that the legislature had chose to basically clear this up by creating section A1 and A2. The state argues that there's nothing to say that Borak should not apply to A1, but it's pretty clear just by the holding of Borak that it is about consent and that force is a separate thing. And there would be no reason to separate the criminal sexual abuse statute by A1, A2, provide definitions for what is considered unable to know in consent if these can all be under A1. Really, as the state noted, this case should have been charged under section A2 for lack of consent, but it wasn't. And so the state was required to prove that defendant used force and it just failed to do so here. And so defendants asking again to respectfully ask this court to vacate her conviction for criminal sexual abuse. Do you have any other questions? I'm happy to answer any related to that. The charging instrument itself referenced rubbing, not penetration. Is that correct? No, Your Honor, the charging instrument only referenced touching. Yeah, that's what I meant. So it did not mention penetration or rubbing. Thank you. And I have no other questions. All right, thank you, counsel. Thank you. Judge, you're doing it. No, no, I was about to ask you if you had a question. Thank you, Your Honor. All right, thank you both for your arguments. We will take this matter under advisement and issue a decision in due course. All right, thank you. Have a good day.